UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Emanuel Shoulders,

    Plaintiff,

          v.                                    Case No. 1:17cv703

Z. Cherryholmes, *et al.*,                Judge Michael R. Barrett

    Defendants.

## ORDER

This matter is before the Court on the Magistrate Judge's December 12, 2017 Order and Report and Recommendation ("R&R"). (Doc. 6).

When timely objections to a magistrate judge's order are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing pro se will be construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

On December 27, 2017, Plaintiff filed a "Motion to 12-12-2017 Decision" and "Memorandum in Support" (Doc. 11), which this Court has construed as objections.

Plaintiff filed a *pro se* civil rights complaint against Defendants Zachary Cherryholmes, Jennifer Rutherford, Gary Mohr, and Tom Schweitzer, (Doc. 1-1); and was granted leave to proceed *in forma pauperis*. (Doc. 4). Plaintiff alleges a violation of his First and Eighth Amendment rights, as well as excessive force claims.

In her R&R, the Magistrate Judge ordered that Plaintiff's Eighth Amendment claims proceed against Defendants Cherryholmes and Rutherford; and Plaintiff's First Amendment and excessive force claims proceed against Defendant Cherryholmes. However, the Magistrate Judge recommended that all of Plaintiff's remaining claims be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Plaintiff objects to the dismissal of the claims against Gary Mohr, Director of the Department of Corrections and Tom Schweitzer, Warden of Lebanon Correctional Institution. However, as the Magistrate Judge explained, Director Mohr or Warden Schweitzer cannot be held liable under the doctrine of *respondeat superior* in a civil rights lawsuit brought pursuant to 42 U.S.C. § 1983 based upon their supervisory positions. *See Hill v. Marshall*, 962 F.2d 1209, 1213 (6th Cir. 1992); *Chasteen v. Jackson*, No. 1:09-cv-413, 2011 WL 1626537, at *5 (S.D. Ohio Mar. 29, 2011). Plaintiff makes several general objections to the dismissal of Mohr and Schweitzer, but also states that "[t]he law in Ohio imposes a duty of reasonable case upon the state to provide for it's [sic] prisoners health care, and well being." Plaintiff states that these defendants were aware that "a problem was taking place, and was confronted by the Plaintiff by real evidence," but Mohr and Schweitzer "did not act on the law or Policy 5120-9-01, 5120-9-02 and

01-com-08 that allowed these Defendant's [sic] to remove Cherryholmes from (F) unit and ect. [sic], and to provide the Plaintiff with a lie box test to establish the truth and these defendant's action's [sic] was not reasonable, or providing for the well being of the Plaintiff. (Doc. 11, PageID 178). Plaintiff explains he sent a letter to Mohr on August 1, 2017 and a kite to Schweitzer on February 21, 2017. (Id.)

As the Sixth Circuit has explained:

> "Because § 1983 liability cannot be imposed under a theory of respondeat superior, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun County*, 408 F.3d 803, 817 n. 3 (6th Cir. 2005). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

*Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). A plaintiff must demonstrate that a supervisory defendant "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). Accordingly, supervisory liability cannot be based upon the failure to act, or simply because a supervisor denied a grievance or failed to act based upon information contained in a grievance. *See Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Likewise, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987), *aff'd* 849 F.2d 228 (6th Cir. 1988).

Plaintiff's allegations do not show that Director Mohr and Warden Schweitzer did more than play a passive role in the alleged violation. Therefore, the Magistrate Judge

did not err in concluding that Plaintiff's claims against Director Mohr and Warden Schweitzer should be dismissed.  Accordingly, Plaintiff's objections are **OVERRULED** and the Magistrate Judge's December 12, 2017 R&R (Doc. 6) is **ADOPTED**.  Plaintiff's complaint is **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's Eighth Amendment failure to protect claims against defendants Cherryholmes and Rutherford, and his First Amendment and excessive force claims against Cherryholmes.

    **IT IS SO ORDERED.**

                                       */s/ Michael R. Barrett*
                                       Michael R. Barrett
                                       United States District Judge