# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| EMANUEL SHOULDERS, | Civil Action No. 1:17-cv-703 |
| Plaintiff, | Barrett, J. |
| | Bowman, M.J |
| vs. | |
| Z. CHERRYHOLMES, *et al.*, | |
| Defendants. | |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the Lebanon Correctional Institution, filed a pro se civil rights complaint in this Court against defendants Z. Cherryholmes, Gary Mohr, Tom Schwietzer, and Ms. Rutherford. Upon sua sponte review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), Plaintiff's complaint was dismissed with prejudice with the exception of Plaintiff's Eighth Amendment failure to protect claims against defendants Cherryholmes and Rutherford, and his First Amendment and excessive force claims against Cherryholmes.

In December 2018, Defendants filed a motion for summary judgment on all claims. Plaintiff sought and was granted an extension of time until July 2, 2019 in which to respond to Defendants' motion. (Docs. 44). The Order expressly stated that "[n]o additional extensions of time will be granted related to this motion." (See Docs. 40, 41). Plaintiff has failed to timely respond to the motion. Additionally, the Court order was returned as "undeliverable." (*See* Doc. 45).

The Defendants' unopposed motion for summary judgment has now been pending for four months. The undersigned has reviewed that motion and finds it well-reasoned

and well-supported.

Based upon the grounds advocated in their motion for summary judgment, Defendants persuasively argue that Plaintiff has failed to show the existence of any genuine issue of material fact to support any of the elements of his failure to protect and excessive force claims, and that they are each entitled to qualified immunity in their respective individual capacities. Accordingly, the undersigned agrees that Defendants are entitled to judgment as a matter of law.[1]

The undersigned takes judicial notice that the prior Order was returned to this Court as "undeliverable" because Plaintiff is no longer an inmate at that facility. (See Doc. 45). Thus, Plaintiff has failed to keep this Court apprised of his current address, and there is no indication that he has taken any further steps to prosecute this case.

It is incumbent upon any litigant, including a pro se prisoner litigant, to keep the Court apprised of her current address. While some latitude may be extended to pro se litigants "when dealing with sophisticated legal issues ... there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss any case for "failure of the plaintiff to prosecute or to comply with the rules or order of the court...." Unless the court orders otherwise, a dismissal for failure to prosecute pursuant to Rule 41(b) is an adjudication on the merits that is to be given preclusive effect, barring subsequent actions based on the same allegations. *See Bragg v. Flint Bd. of Educ.*, 570 F.3d 775 (6th Cir. 2009).

---

[1] In light of this finding, Plaintiff's unsupported motion for summary judgment (Doc. 37) should be **DENIED as MOOT**

Without such basic information as a current address from a would-be plaintiff, a court has no recourse but to dismiss a complaint for failure to prosecute. See, e.g., *Whittaker v. Hilltop Records*, 2009 WL 2734052 (S.D. Ohio Aug. 27, 2009) (dismissal of pro se plaintiff*); Buck v. U.S. Dept. of Agriculture, Farmers Home Admin*., 960 F.2d 603, 608–609 (6th Cir. 1992) (dismissal upheld in part due to counsel's failure to advise court of change of address).

In light of the foregoing, **IT IS RECOMMENDED THAT** Defendants' motion for summary judgment (Doc. 41) be **GRANTED,** Plaintiff's motion for summary judgment (Doc. 37) be **DENIED**; and alternatively, that judgment be entered in Defendants' favor with prejudice based upon Plaintiff's failure to prosecute, and that this case be **CLOSED**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**

SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EMANUEL SHOULDERS,                          Civil Action No. 1:17-cv-703

    Plaintiff,                                  Barrett, J.
                                            Bowman, M.J
  vs.

Z. CHERRYHOLMES, *et al.*,

    Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).